SCOTT J. SAGARIA (BAR # 217981)
sjsagaria@sagarialaw.com
ELLIOT W. GALE (BAR #263326)
egale@sagarialaw.com
JOE B. ANGELO (BAR #268542)
jangelo@sagarialaw.com
SCOTT M. JOHNSON (BAR #287182)
sjohnson@sagarialaw.com
**SAGARIA LAW, P.C.**
3017 Douglas Blvd., Ste. 200
Roseville, CA 95661
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff
Steven Robles

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| Steven Robles**,**<br><br>            Plaintiff,<br><br>    v.<br><br>Citibank, National Association, and DOES 1 through 100 inclusive**,**<br><br>            Defendants. | CASE NO.<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1.  Violation of the Rosenthal Fair Debt Collection Practices Act<br>2.  Violation of the Telephone Consumer Protection Act |

COMES NOW Plaintiff Steven Robles, an individual, based on information and belief, to allege as follows:

### **INTRODUCTION**

1.   This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers.

2.   Plaintiff brings this action against Defendant Citibank, N.A. (hereinafter "Defendant" or "Citibank") for its abusive and outrageous conduct in connection with debt collection activity.

3.   In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

(a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

(2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

4.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5.   The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

## JURISDICTION & VENUE

6.   This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. § 227.

7.   This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

8.   Plaintiff Steven Robles (hereinafter "Plaintiff") is an individual residing in the state of California, and is a "debtor" as defined by Cal. Civ. Code §1788.2(g).

9.   At all relevant times herein, Citibank was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f).

10.   At all relevant times, Defendant acted as a "debt collector" within the meaning of Cal. Civ. Code §1788.2(c)

11.   Plaintiff had taken out an unsecured loan with Defendant in June of 2016.

12.   The loan Plaintiff took from Defendant was extended primarily for personal, family or household purposes and is therefore a "debt" as that terms is defined by the Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

13.   Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(3) of the Rosenthal Act.

14.   Because Plaintiff, a natural person allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

15.   Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves, and is therefore a "debt collector" within the meaning of the Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of the California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

16.   Plaintiff's account was an unsecured loan and Plaintiff began making payments on the account.

17.   Plaintiff was making payments on the loan before he became financially unable to keep up with the monthly payments.

18.   Defendant began contacting Plaintiff in November of 2017 to inquire about the status of the loan and to collect on the payments that were no longer being made.

19.   Plaintiff retained counsel to assist in dealing with Defendant's debt and to seek some type of financial relief.

20.   Counsel for Plaintiff sent Defendant a letter confirming representation of Plaintiff and informing Defendant that it was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

21.   The contents of the letter also informed Defendant that Plaintiff was withdrawing his consent to be contacted on his cellular telephone.

22.   Counsel for Plaintiff sent the letter of representation to Defendant on or about January 4, 2018.

23.   Plaintiff informed Defendant that he was revoking his consent to be called on his telephone in early January of 2018.

24.   Defendant continued to contact Plaintiff between approximately January 10, 2018 – at least January 19, 2018; the type of contact was through phone calls to Plaintiff's cellular telephone.

25.   Defendant would sometimes call Plaintiff numerous times each day demanding payment on the account.

26.   Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

27.   Plaintiff was contacted repeatedly regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

28.   Defendant's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney and that all calls to Plaintiff's cellular telephone were to stop.

## FIRST CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendants and Does 1-100)

4

29.   Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

30.   Plaintiff provided written notice that he was represented by sending Defendant a letter with the name, address, and contact information of his attorney and informed Defendant that he was represented.

31.   Defendant continued to call and attempt to make contact with Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel in an effort to deal with the debt that was owed to Defendant.

32.   The calls and communications made by Defendant to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

33.   Plaintiff received numerous calls from Defendant from at least January 9, 2018 – January 19, 2018.

34.   Defendant violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving noticed that Plaintiff had retained an attorney.

## SECOND CAUSE OF ACTION
(Violation of the TCPA)
(47 USC § 227)
(Against Defendants and Does 1-100)

35.   Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

36.   Since at least early January of 2017 Defendant started calling Plaintiff's cellular telephone requesting that payment be made on the accounts Plaintiff held with Defendant.

37.   Defendant was informed that Plaintiff revoked his consent to be contacted by Defendant in early January of 2018.

38.   Defendant called Plaintiff numerous times since Plaintiff withdrew his consent to be contacted by an automatic dialing machine.

39.   Defendant would contact Plaintiff nearly daily regarding payment on the accounts.

40.   Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

41. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

42. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

43. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by an automatic dialing machine in early January of 2018.

44. Overall Plaintiff was contacted at least 10 (ten) times by Defendant on his cellular phone.

45. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(B).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    **a.** An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code §1788.32.

    **b.** An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32; and

    **c.** An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c).

    **d.** An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation.

    **e.** Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

Dated: February 16, 2018    By:    **SAGARIA LAW, P.C.**

                            */s/ Elliot Gale*
                            Scott Sagaria, Esq.
                            Elliot Gale, Esq.
                            Attorneys for Plaintiff

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands trial of this matter by jury.

**SAGARIA LAW, P.C.**

Dated: February 16, 2018

*/s/ Elliot Gale*
Scott Sagaria, Esq.
Elliot Gale, Esq.
Attorneys for Plaintiff